IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMANTHA BELL ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIAN MANAGEMENT LLC,<br><br>Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Samantha Bell ("Plaintiff"), by and through his undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Patrician Management LLC ("Defendant") for violations of her rights under the Pregnant Workers Fairness Act and Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII and the Pregnant Workers Fairness Act. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on July 18, 2025.

5.

Plaintiff received her Notice of Right to Sue from the EEOC on that Charge on July 30, 2025.

## PARTIES

6.

Plaintiff is a citizen of the United States of America born and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant employed fisfteen (15) or more employees for the requisite duration under the Pregnant Workers Fairness Act and Title VII.

8.

Defendant may be served with process via its Registered Agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, GA 30046-4805.

## FACTUAL ALLEGATIONS

9.

Plaintiff was hired by Defendant as a Property Manager on or about July 21, 2024.

10.

In or about October 2024, Plaintiff discovered she was pregnant.

11.

In or about April 2025, Plaintiff informed Area Manager Jessica Otwell that she wanted to take pregnancy related leave.

12.

When talking to Otwell, Plaintiff told her that she was planning on working until she went into labor and that she would possibly need four weeks or so to recover from the birth.

13.

Plaintiff also told Otwell that she would probably work from home during that period.

14.

Defendant's policy at the time offered no less than six weeks of leave for new mothers.

15.

Around that same time, Otwell and Plaintiff had a call with Human Resources Director Amy Davis during which Plaintiff stated her desire to work from home during her recovery period, and Plaintiff was told that this was a possibility and that

she could come in with her newborn a few days a week to catch up on invoices and work from home for a portion of the week, but that they would figure out the exact parameters of Plaintiff's leave closer to the time of the birth of her child. During this conversation, Plaintiff said that she would be fine with whatever Defendant decided to allow her to do and confirmed that she would be fine working during her recovery period sometimes in person and sometimes at home.

16.

In or about the middle of May 2025, the Manager of another property, Defendant's Bonaire, Georgia, property, resigned and Otwell gave Plaintiff their duties.

17.

Around that same time, Otwell told Plaintiff that she knew it was illegal to say, but that Corporate was worried about the properties not having a Manager while Plaintiff was on her pregnancy related leave.

18.

In or about the beginning of June 2025, Otwell and another Property Manager, Rachel Boyd, came to Plaintiff and officially offered her the position of being the Property Manager for the Bonaire Property and told her that if that went well that she could be promoted to Area Manager within a couple of months.

19.

Then, in or about early to mid-June 2025, Otwell and Plaintiff again discussed her bringing her newborn child in during her leave to catch up on invoices and that that would be acceptable and about Plaintiff working from home for a portion of the time, and Plaintiff confirmed that she was fine with coming into work a few days a week to catch up on her invoices and working from home the other days while recovering from childbirth.

20.

Otwell also asked Plaintiff what she was planning to do about childcare after the birth of her child, and Plaintiff told Otwell that she would be using daycare services for her newborn child and that she had already found a daycare facility to place her newborn.

21.

A few days after those communications, Otwell again told Plaintiff that Respondent's corporate office was worried about the properties not having a Property Manager while she was on leave.

22.

On or about June 13, 2025, Plaintiff told Otwell that she may have to move her leave date up because her doctor had told her she was already dilating.

23.

On June 17, 2025, Otwell confirmed to Plaintiff that she was going to manage the Bonaire property and not to worry about anything when Plaintiff asked her why the paperwork for the Bonaire property had not been sent to her yet.

24.

However, on June 19, 2025, Davis came to Plaintiff's work location and terminated her with Otwell on the phone.

25.

Davis told Plaintiff that Otwell had wanted to put Plaintiff on a performance improvement plan but that Defendant had decided to terminate her instead.

26.

Prior to this meeting, Plaintiff had never had any conversations about being placed on a performance improvement plan with anyone at Defendant.

27.

During the termination meeting, Otwell told Plaintiff that the decision to terminate her was out of her hands, that it was not her decision, and that it came from above her.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. individuals that were not pregnant or who had not asked for pregnancy related accommodations

## CLAIMS FOR RELIEF

## COUNTS I & II: RETALIATION AND DISCRIMINATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

29.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 9-28 as if set forth fully herein.

30.

The Pregnant Workers Fairness Act protects qualified individuals, including Plaintiff, from adverse employment actions based on known limitations of pregnancy or for requesting accommodations under the Pregnant Workers Fairness Act.

31.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the Pregnant Workers Fairness Act.

32.

At times relevant to this action, Defendant and all individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's pregnancy and accommodations requests.

33.

Plaintiff engaged in protected activity under the Pregnant Workers Fairness Act when she requested accommodations for the limitations caused by her pregnancy, including childbirth.

34.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

35.

Plaintiff was terminated for her protected activity.

36.

Plaintiff was terminated because she was pregnant.

37.

In terminating Plaintiff because of her protected activity, Defendant violated Plaintiff's rights under the Pregnant Workers Fairness Act, entitling her to all appropriate relief thereunder.

38.

In terminating Plaintiff because of her pregnancy, Defendant violated Plaintiff's rights under the Pregnant Workers Fairness Act, entitling her to all appropriate relief thereunder.

39.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

40.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights. Plaintiff seeks punitive damages as a result of Defendant's violations of the ADA.

## COUNT III: DISCRIMINATION IN VIOLATION OF TITLE VII

41.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 9-28 as if set forth fully herein.

42.

Plaintiff was pregnant.

43.

Plaintiff informed Defendant of her pregnancy.

44.

Defendant terminated Plaintiff's employment because she was pregnant.

45.

In terminating Plaintiff's employment due to her protected characteristic, Defendant violated Title VII.

46.

Although Defendant purports to provide a legitimate non-discriminatory reasons for Plaintiff's termination, these reasons are pretext for unlawful discrimination based on Plaintiff's status as a pregnant woman.

47.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

48.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights. Plaintiff seeks punitive damages as a result of Defendant's violations of the Title VII.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon;

(c) Punitive damages on Plaintiff's claims;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 23rd day of September, 2025.

**THE WORKERS' FIRM**

/s/ V. Severin Roberts, Esq
V. Severin Roberts
Georgia Bar No. 940504
Patrick Reid

Georgia Bar No. 888769
The Workers' Firm
7000 Central Parkway, Suite 1000
Atlanta, GA 30328
(404)-382-9660
severin@theworkersfirm.com
patrick@theworkersfirm.com

Counsel for Plaintiff